# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

CASE NO.:

TONY CLARK,

    Plaintiff,

v.

PEG LEG PORKER RESTAURANT, LLC,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff TONY CLARK by and through his undersigned counsel, brings this Complaint against Defendant PEG LEG PORKER RESTAURANT, LLC for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff TONY CLARK ("Clark") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Clark's original copyrighted Works of authorship.

2. Clark is a freelance photographer based in Nashville, Tennessee. Originally from the Midwest, he has lived in the South for most of his life. His father gave him a camera for Christmas as a young man and he has been obsessed with photography for nearly three decades. Clark traveled extensively with his mentor John Chiasson, shooting celebrity portraits for Time, People and other clients. Now, he specializes in food and lifestyle images, is always pursuing interesting subjects, looking to collaborate with talented people and creating beautiful images.

His rebranding work with large restaurant groups including McAlister's Deli, Corner Bakery Café and others has been used in advertising, marketing and point of purchase across the US.

3. Defendant PEG LEG PORKER RESTAURANT, LLC ("PLP") is an award-winning BBQ restaurant located in Nashville, Tennessee. It offers fine dining, carry out, and delivery services. At all times relevant herein, PLP owned and operated the internet website located at the URL https://peglegporker.com/ (the "Website"). PLP also owns and operates multiple social media accounts to market and advertise the company, including but not limited to:

- https://www.tiktok.com/@peglegporker (the "TikTok Account");
- https://twitter.com/PegLegPorker?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor (the "Twitter Account");
- https://www.facebook.com/peglegporker (the "Facebook Account") (collectively the "PLP Accounts").

4. Clark alleges that PLP copied Clark's copyrighted Works to advertise, market and promote its business activities beyond the term of a license he granted to PLP. PLP committed the violations alleged in connection with PLP's business for purposes of advertising and promoting sales to the public in the course and scope of PLP's business.

**JURISDICTION AND VENUE**

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Tennessee.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Peg Leg Porker Restaurant, LLC, is a Tennessee Limited Liability Company, with its principal place of business at 903 Gleaves Street, Nashville, TN 37203-4112 and can be served by serving its Registered Agent, FBT of Tennessee, at 150 3rd Ave. S, Nashville, TN 37201-2043.

## THE COPYRIGHTED WORKS AT ISSUE

10. In 2022, Clark was hired to create a series of images that PLP could use for its marketing and advertising.

11. The parties entered into a contract where Clark would provide PLP with a series of proofs from the June 1, 2022, photo shoot, PLP would select 30 images they wanted from those proofs, then Clark would edit and deliver those 30 selected images to PLP for its commercial use (the "Agreement"). The Agreement specifically noted that "[p]roofs will only be used for selecting images, [PLP] will not use them in any other manner."

12. Pursuant to the Agreement, Clark created approximately 894 images during the shoot, then sent PLP 42 proof sheets with 504 of the images to choose from. After discussion about the appropriate number of images included in the Agreement, PLP selected 30 images which Clark edited and delivered to PLP for its use.

13. Included in the group of images Clark provided to PLP on the proof sheets, but which were not selected as final images for PLP to use in its marketing, were photographs entitled PLP0961, PLP0959, PLP0965, PLP0969, PLP1058, PLP1055, PLP1054, PLP1070, and PLP1078 (attached as **Exhibit 1**, collectively referred to herein as the "Works"). An example of one of these Works is shown here:



14. Clark registered the Works with the Register of Copyrights on July 29, 2022 and was assigned the registration number VA 2-329-593. The Certificate of Registration is attached hereto as **Exhibit 2**.

15. Clark's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets. The Works in perspective, orientation, positioning, lighting, and other details is entirely original and creative. As such, the Works qualify as subject matter protectable under the Copyright Act.

16. The Agreement was not a work-for-hire agreement, and at all relevant times Clark was the owner of the copyrighted Works.

## INFRINGEMENT BY DEFENDANT

17. PLP has never been licensed to use the Works at issue in this action for any purpose.

18. On a date after the Works at issue in this action were created, but prior to the filing of this action, PLP copied the Works.

19. On or about July 7, 2022, Clark discovered the unauthorized use of his Works on the PLP Accounts. By posting on the PLP Accounts in a public manner, PLP displayed and distributed unauthorized copies of each of the Works to the public. A representative example of one of the images from the TikTok Account using the Work is shown in part here:



20. PLP copied Clark's copyrighted Works without Clark's permission.

21. After PLP copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its restaurant business. PLP

22. PLP copied and distributed Clark's copyrighted Works in connection with PLP's business, and in the course and scope of advertising and selling products and services.

23. PLP committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 3**.

24. Clark never gave PLP permission or authority to copy, distribute or display the Works at issue in this case.

25. Clark notified PLP of the allegations set forth herein on August 15, 2022, and August 31, 2022. To date, the parties have not been able to resolve the claims.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. Clark incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Clark owns a valid copyright in the Works at issue in this case.

28. Clark registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. PLP copied, displayed, and distributed the Works at issue in this case without Clark's authorization in violation of 17 U.S.C. § 501.

30. PLP performed the acts alleged in the course and scope of its business activities.

31. As PLP had actual knowledge that it did not have authority to reproduce, distribute, or display the Works for any purpose, its unauthorized use of the Works was willful.

32. Clark has been damaged.

33. The harm caused to Clark has been irreparable.

WHEREFORE, Plaintiff TONY CLARK prays for judgment against Defendant PEG LEG PORKER RESTAURANT, LLC that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and PLP's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 26, 2024                                 Respectfully submitted,

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN
GA Bar Number: 377422
evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA  30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Tony Clark*